THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
    *v.* THE NORTH RIVER SUGAR REFINING COMPANY,
    Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

*Corporation. Receiver.*—In an action to annul the charter of a corporation, an order directing a receiver to take possession of the property and to make no sale or distribution thereof, during the pendency of an appeal from the judgment appointing the receiver, or until the further order of the court, is as favorable to the defendant as the circumstances will justify.

Appeal from an order denying defendant's motion for a stay of all proceedings under the judgment dissolving the corporation and appointing a receiver.

*John E. Parsons*, for appellant.

*Charles F. Tabor*  (*Roger A. Pryor*, of counsel), for respondent.

DANIELS, J.—The object of the application was to obtain an order staying all proceedings under the judgment in this action until the hearing and decision of an appeal taken from it by the defendant.  The judgment was obtained in an action brought by the attorney-general in the name of the people, to annul the charter of the defendant as a corporation and terminate its corporate existence. In the action a judgment to that effect was rendered in favor of the plaintiff, providing for the appointment of a receiver and the distribution of the property of the defendant. By the order which was made on the hearing of the motion the court directed the receiver to make no sale or distribution of the property that might come into his hands during the appeal, or until the further order of the court.  And that seems to be as far as the court consistently, with its own judgment, could proceed, for the judgment itself provided for the appointment of a receiver who should be authorized to take possession of the property of the defendant.  And it appeared upon the hearing of the motion that he had qualified as such receiver and entered into the possession of the refinery building previously owned by the defendant.  He had proceeded no further than he was necessarily required to go in compliance with the direction contained in the judgment.  And by no action which he may be permitted to take will any of the rights or interests of the defendant be jeopardized or injuriously affected during the pendency of the appeal farther than that will

necessarily result from the judgment itself. As favorable an order has been made as the circumstances and the authority remaining in the court over the litigation appeared to justify.

And the order should, therefore, be affirmed, with ten dollars costs and the disbursements.

VAN BRUNT, Ch. J., and BRADY, J., concur.